UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD BARBOSA MAYORGA,

        Petitioner,

v.                               Case No. 3:26-cv-294-MMH-PDB

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

        Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Richard Barbosa Mayorga, an immigration detainee, is proceeding through counsel on a second amended Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 13; Amended Petition). The Court construed the Amended Petition as challenging Mayorga's mandatory detention under 8 U.S.C. § 1225. See Order (Doc. 14). Respondent Warden filed a Motion to Dismiss (Doc. 19), arguing he is not a proper respondent in this case. The Federal Respondents (Garrett Ripa and Secretary Markwayne Mullin[1]) filed a Response to the Amended Petition (Doc. 20; Response). Mayorga filed an Emergency Notice of Supplemental Authority and Motion for

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin is automatically substituted for Kristi Noem.

Immediate Ruling, which the Court construes as his reply (Doc. 21; Reply). This case is ripe for review.

## II. Background

Mayorga, a citizen of Colombia, entered the United States on February 24, 2022. Doc. 20-1 at 1. A border patrol agent encountered Mayorga in the Yuna, Arizona Border Patrol Sector and detained him. Id. at 2. Mayorga was paroled into the country and released "as an Alternate to Detention." Id. On January 8, 2026, United States Immigration and Customs Enforcement (ICE) detained Mayorga at his yearly ICE check-in appointment. Amended Petition at 2.

## III. Analysis

As previously stated, the Court construed the Amended Petition as challenging Mayorga's mandatory detention under 8 U.S.C. § 1225. See Order (Doc. 14). As relief, Mayorga seeks, inter alia, immediate release. Amended Petition at 5. The Federal Respondents argue that this Court lacks jurisdiction over Mayorga's claim, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 2–11.

The Court is satisfied it has jurisdiction over Mayorga's claim and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr.

7, 2026); <u>Garcia v. Warden</u>, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145, *2 (M.D. Fla. Apr. 2, 2026) (rejecting the federal respondents' exhaustion argument because the Board of Immigration Appeals had "predetermined" the issue, and "requiring [the petitioner] to make an administrative request for a bond hearing would be futile"). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Although <u>Hernandez Alvarez</u> did not directly address the circumstance of a petitioner, like Mayorga, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Mayorga was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. <u>See</u> <u>id.</u> at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Nevertheless, even if <u>Hernandez Alvarez</u> is not applicable, the Court finds its previous opinion on this issue applies with equal force to this case. <u>See</u> <u>Valencia v. Noem</u>, No. 3:26-CV-297-MMH-PDB, 2026 WL 730318 (M.D. Fla. Mar. 16, 2026). Indeed, given that Mayorga has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal

3

Respondents contend and the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[2]).

Accordingly, it is **ORDERED**:

1.      Mayorga's second amended Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 13) is **GRANTED**. Respondents shall release Mayorga **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden's Motion to Dismiss (Doc. 19) is **DENIED.** See, e.g., Fonseca, 2026 WL 1072778, at *4–5.

---

[2] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. The Federal Respondents certify that they are holding Mayorga under § 1225(b)(2), see Response at 2, and the Court finds that § 1225(b)(2) does not apply to Mayorga. Thus, without any lawful basis for this detention, Mayorga is entitled to immediate release.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 5/11
c:
Counsel of Record

5